# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WILLIE SCOTT, JR.,
ADC #070908                                                                                    PLAINTIFF

v.                                            5:11-cv-00269-DPM-JJV

JIMMY COLEMAN, IV, Lieutenant,
Cummins Unit, Arkansas Department
of Correction; *et al*.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>	Clerk, United States District Court
>	Eastern District of Arkansas
>	600 West Capitol Avenue, Suite A149
>	Little Rock, AR 72201-3325

## DISPOSITION

Mr. Scott filed this *pro se* action alleging a denial of due process with respect to a disciplinary conviction he received at the Cummins Unit and his subsequent transfer to punitive isolation at the Varner Super Max (VSM) Unit. Plaintiff filed an Amended Complaint in accordance with the Court's October 21, 2011, Order (Doc. No. 3). Having reviewed the Amended Complaint, the Court finds Plaintiff's Complaint should be dismissed for failure to state a claim on which relief may be granted.

## I.	SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## II.    FACTS AND ANALYSIS

In his Amended Complaint, Plaintiff alleges Lt. Coleman falsely charged him with a disciplinary violation at the Cummins Unit on February 9, 2011, without questioning him about the incident. Plaintiff also claims that while Sgt. Rayner asked him to write a witness statement about the incident and gave it to Lt. Coleman, Rayner later wrote a false statement to support the charges against Plaintiff, which became the evidence relied upon to convict him. Plaintiff was convicted of the charges at a hearing and sentenced to thirty days isolation, reduced in class, and deprived of 6,214 days good time. He claims Deputy Warden Weekly transferred him in March 2011 to the VSM, where he was placed in punitive isolation for 158 days without notice of a disciplinary charge. He was incarcerated there without air conditioning, television, and commissary, and claims this violated his due process rights. Plaintiff asks for damages from the Defendants.

The Court finds that Plaintiff's allegations concerning the disciplinary charge filed against him and his subsequent conviction fall within *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). In *Heck*, the court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily

imply the invalidity of the conviction, continued imprisonment or sentence, no damages claim exists unless the conviction is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. This holding in *Heck* was extended to disciplinary situations where inmates lose good time credits, in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

The United States Court of Appeals for the Eighth Circuit first applied this principle in *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996),[1] where the prisoner "mailed a letter to an inmate-produced publication at another prison. In the letter's postscript, Sheldon had written, 'We have your [expletive] warden Thomas E. Hundley, ... you could have kept him.'" *Id.* at 232. Prison officials seized the letter, convicted Sheldon, and sentenced him to fifteen days of disciplinary detention and sixteen days of lost good conduct time. *Id.* Sheldon filed a §1983 action claiming the prison officials involved in his disciplinary proceeding violated his First Amendment rights. The district court dismissed Sheldon's case and the Eighth Circuit Court of Appeals affirmed the dismissal pursuant to the Supreme Court's holding in *Heck*. The court held, "a prisoner cannot bring a § 1983 claim challenging a disciplinary proceeding resulting in a loss of good-time credits before successfully invalidating the disciplinary ruling." *Id*. In so holding, the Eighth Circuit Court of Appeals stated that *Heck* "applies whether the prisoner challenges a conviction imposing a sentence or a prison administrative ruling lengthening a sentence." *Id*. at 233 (citing *Miller v. Indiana Dep't of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996)).

The Eighth Circuit Court of Appeals also rejected Sheldon's argument that *Heck* only barred restoration of his good time credit and not his claim for monetary damages. *Sheldon v. Hundley*, 83

---

[1] The decision of the Eighth Circuit Court of Appeals in *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996) preceded the United States Supreme Court's decision in *Edwards v. Balisok*, 520 U.S. 641 (1997), by one year. However, the *Sheldon* court correctly anticipated the Supreme Court's subsequent opinion in *Edwards*, and employed reasoning that was later validated by *Edwards*.

F.3d 231, 233 (8th Cir. 1996). The court determined that Sheldon's First Amendment claims were "so entangled with the propriety of the disciplinary result, which triggered the loss of good-time credits, that ruling in [his] favor on First Amendment grounds would necessarily imply the invalidity of the disciplinary result and the lengthened sentence." *Id*. at 234. Thus, Sheldon's § 1983 civil rights action was premature "until the state or a federal habeas court has invalidated the disciplinary result." *Id.* at 233 (citing *Miller v. Indiana Dep't of Corrections*, *supra* at 331, and *Heck v. Humphrey, supra* at 489). Hence, the dismissal was "one without prejudice to permit Sheldon to refile the action if the state or a federal habeas court invalidates the disciplinary ruling." *Id.*

The United States Court of Appeals for the Eighth Circuit reiterated this analysis more recently in *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). Prison officials convicted Portley-El in a prison disciplinary proceeding and sentenced him to thirty days in segregation, plus forfeiture of forty-five days of good time credit. *Id*. at 1064. He filed a § 1983 civil rights action claiming violations of his due process and equal protection rights during the course of his disciplinary proceeding. As relief, the plaintiff sought an "expung[ement] of the disciplinary conviction, restoration of his good time credits and all other privileges, suspension of his administrative segregation classification... and money damages." *Id.* at 1064-5. On appeal, the Eighth Circuit court concluded the district court had properly dismissed plaintiff's claim for restoration of his good time credit. *Id*. at 1066 (citing *Preiser v. Rodriguez, supra*, and *Blair-Bey v. Nix*, 919 F.2d 1338, 1339 (8th Cir. 1990), *cert. denied*, 502 U.S. 899 (1991)). The court further affirmed the dismissal of plaintiff's claims for money damages, observing that:

> Under *Heck*, "we disregard the form of relief sought and instead look to the essence of the plaintiff's claims." *Sheldon [v. Hundley]*, 83 F.3d at 233. Because Portley-El seeks damages for the *imposition* of discipline that included the loss of good time credits, his damage claim challenges "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and is *Heck*-barred.

*Id.* at 1067 [footnote omitted][emphasis in original] (quoting *Edwards v. Balisok*, *supra* at 486).

Portley-El argued that *Heck* did not apply to his equal protection claim, "because equal protection focuses on discriminatory treatment, not on the process due in prison disciplinary proceedings." *Id.* However, the court rejected this distinction as irrelevant and held, "[t]he rule in *Heck* covers any § 1983 claim that would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Id.* (quoting *Heck v. Humphrey, supra* at 486). The *Portley-El* court emphasized that "the relevant inquiry is not the constitutional underpinning of the inmate's § 1983 cause of action." *Id.* Instead, proper inquiry is whether or not the plaintiff's claims, if proven, "would necessarily . . . [render] the disciplinary result invalid, including the loss of good time credits." *Id.* (citing *Edwards v. Balisok, supra* at 647).

In this particular case, Plaintiff challenges the results of the disciplinary process - including the loss of good time credits - and asks for damages for his allegedly wrongful conviction. Plaintiff does not indicate that his disciplinary conviction has been reversed, expunged, or otherwise called into question by the issuance of a writ of habeas corpus. Therefore, the Court finds that Plaintiff's claim for damages is barred by *Heck, supra*.

The Court also finds that Plaintiff's allegations concerning his placement in punitive isolation for 158 days without a hearing and without air conditioning, television, and commissary, do not state a claim for a denial of due process. In *Sandin v. Connor*, 515 U.S. 472 (1995), the Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation. Recognizing, however, that states may themselves create certain protected liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life." *Id*. at 484. Following *Sandin*, the United States Court of Appeals for the Eighth Circuit held in *Kennedy v. Blankenship* that the plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'" 100 F.3d 640, 642 (8th Cir. 1996) (quoting *Sandin*, 515 U.S. at 484). In *Kennedy*, the plaintiff's placement in punitive isolation was not considered atypical and significant event though the prisoner faced restrictions in privileges regarding mail, telephone, visitation, commissary, and personal possessions.

An inmate's placement in administrative segregation for twenty-six months without a disciplinary charge or conviction was upheld in *Rahman X v. Morgan*, 300 F.3d 970 (8th Cir. 2002). In that case, the court found that although the length of time in administrative segregation was "substantial," and he was not permitted to watch television in his cell, he was not subject to atypical or significant hardships which curtailed his due process liberty interests. *Id*. at 973-4. Furthermore, in *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003), the court stated, "We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship." The court held that the absence of contact visitation, exercise privileges, and chapel rights for thirty-seven days did not constitute an atypical and significant hardship.

In this case, Plaintiff alleges he was placed in punitive isolation for 158 days without air conditioning, television or commissary, and he offers no other details concerning the conditions of his confinement. The Court finds these allegations do not support a finding of atypical or significant hardships, and he does not state a claim for denial of his due process liberty interests.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's cause of action should be DISMISSED without prejudice for failure to

7

state a claim on which relief may be granted.

      2.      Dismissal of Plaintiff's Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). [2]

DATED this 1st day of December, 2011.

                                                                _____
                                                                 JOE J. VOLPE
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[2] The statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998).