**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

WILLIE SCOTT, JR.,                                                                      PLAINTIFF
ADC #070908

v.                                          5:11CV00269-DPM-JJV

JIMMY COLEMAN, IV, Lieutenant,
Cummins Unit, Arkansas Department
of Correction; *et al*.                                                              DEFENDANTS

**<u>ORDER</u>**

Pending before the Court is Plaintiff's Motion for Discovery and to Appoint Counsel (Doc.

No. 32). For the following reasons, Plaintiff's Motion is DENIED without prejudice.

Plaintiff asks for "all document discovery" from Defendant (Doc. No. 32). This request,

however, is too vague and Plaintiff needs to be more specific in his requests. Pursuant to Rules 33

and 34 of the Federal Rules of Civil Procedure, Plaintiff may specifically ask Defendant questions

relevant to his cause of action through the submission of interrogatories, and he also may request the

production of specific documents. Therefore, his present Motion is DENIED without prejudice.

A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil

action. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). However, the Court may appoint

counsel at its discretion. *Id*. *See* 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel,

the Court must exercise "a reasoned and well-informed discretion." *Sours v. Norris*, 782 F.2d 106,

107 (8th Cir. 1986). "The appointment of counsel 'should be given serious consideration . . . if the

plaintiff has not alleged a frivolous or malicious claim' and the pleadings state a prima facie case."

*Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992) (quoting *In Re Lane*, 801 F.2d 1040, 1043 (8th

Cir. 1986).

1

The United States Court of Appeals for the Eighth Circuit has identified several factors the Court should consider when deciding a request for appointment of counsel.  *Id*.  These factors include the plaintiff's need for an attorney, the likelihood that plaintiff will benefit from assistance of counsel, the factual complexity of the case, the plaintiff's ability to investigate and present his case, and the complexity of the legal issues.  *Id*.

At this time, Plaintiff's claims do not appear legally or factually complex, and it appears that he is capable of prosecuting his claims without appointed counsel.  Therefore, Plaintiff's Motion to Appoint Counsel is DENIED without prejudice.

IT IS SO ORDERED this 8th day of February, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE